WILSON TURNER KOSMO LLP
ELVIRA CORTEZ (275626)
NICOLE R. ROYSDON (262237)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail: ecortez@wilsonturnerkosmo.com
E-mail: nroysdon@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER STEWART,<br><br>                 Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION; and DOES 1 through 20, inclusive,<br><br>                 Defendants. | Case No. 5:25-cv-2900<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)]** |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF CHESTER STEWART, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 United States Code sections 1332, 1441(a), and 1446, Defendant Target Corporation ("Target") hereby removes this action from the Superior Court of the State of California, San Bernardino County (the "Superior Court"), to the United States District Court for the Central District of California, Eastern Division. Target submits the following statement of grounds for removal:

## I.    THE REMOVED CASE

1.    On September 22, 2025, Plaintiff Chester Stewart ("Plaintiff") filed a Complaint in the San Bernardino County Superior Court, entitled *Chester Stewart  v.*

-1-                                    Case No. 5:25-cv-2900

*Target Corporation, et al.*, Case No. CIVSB2527437 ("State Action"). *See* Declaration of Elvira Cortez ("Cortez Decl.") at ¶ 2, Ex. A [Complaint].

2.      Plaintiff asserts ten causes of action against Target, each pursuant to California law: (1) Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Discrimination (FEHA); (3) Retaliation in Violation of FEHA; (4) Failure to Prevent Retaliation (FEHA); (5) Wrongful Termination in Violation of Public Policy; (6) Failure to Engage in a Timely Good Faith Interactive Process in Violation of FEHA; (7) Failure to Provide Reasonable Accommodation; (8) Retaliation in Violation of Labor Code §1102.5; (9) Failure to Pay Timely Earned Wages Upon Separation (Cal Lab. Code §§ 201, 203); and (10) Failure to Provide Accurate Wage Statements in Violation of Cal Lab. Code § 226. *See id.* at ¶ 2, Ex. A [Complaint].

## II.   **TARGET HAS SATISFIED ALL PROCEDURAL REQUIREMENTS**

3.      Target was served with the Complaint on October 1, 2025. *See* Cortez Decl. at ¶ 3. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading, setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed pursuant to 28 United States Code section 1446(b).

4.      The State Action was commenced on September 22, 2025. *See* Cortez Decl. at ¶ 3. This Notice of Removal is being filed within one year of the commencement of this action and is therefore timely filed pursuant to 28 United States Code section 1446(c).

5.      Plaintiff initially filed the State Action in the Superior Court that sits within the Central District of California. *See* Cortez Decl. at ¶ 1. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.      Accordingly, venue properly lies in this District.

///

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

7. Target filed its Answer in the Superior Court on October 22, 2025. *See* Cortez Decl. at ¶ 3, Ex. C. Pursuant to 28 United States Code section 1446(a), copies of all process and pleadings for the State Action in Target's possession are filed concurrently as Exhibits A, B, and C to the Declaration of Elvira Cortez in support of this Removal.

8. Promptly after the filing of such notice of removal of a civil action, Target shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

## III. THE DISTRICT COURT HAS DIVERSITY JURISDICTION

9. The Action meets the requirements of 28 United States Code section 1332(a) and may be removed pursuant to 28 United States Code section 1441 because it is a civil action: (1) between "citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441.

### A. Diversity of Citizenship Exists.

10. Plaintiff alleges he "was at all times relevant to the matters alleged in this complaint an individual with his residence in California during acts giving rise to these claims." *See* Cortez Decl. at ¶ 2, Ex. A, ¶ 1 [Complaint]. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Given this, Plaintiff is a citizen of California.

11. Target is and was, at the time Plaintiff commenced the State Action, a corporation duly organized and existing under the laws of the State of Minnesota with its corporate headquarters in Minneapolis, Minnesota. Target's corporate headquarters is where the majority of its executive and administrative functions are performed, and

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

where the majority of its corporate officers and executives are located. Thus, Target's principal place of business is in Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010); *see also Lopez v. Target Corp.*, No. EDCV 11–1282 CAS (OPx), 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (finding that Target's principal place of business is in Minnesota for diversity purposes). Given this, Target is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c).

12.    Therefore, given that Plaintiff is a citizen of California and Target is a citizen of Minnesota, complete diversity amongst the parties exists.[1]

**B.    The Amount in Controversy Requirement is Satisfied.**

13.    Without admitting Plaintiff could recover damages, including penalties, Target asserts that the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs.

14.    To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," *i.e.*, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).) If the amount in controversy is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014).[2] Plausible allegations alone are sufficient; evidence is required only if the plaintiff contests, or the court questions, the

---

[1] Doe Defendants are disregarded when determining whether there is complete diversity between the parties. See 28 U.S.C. § 1441(b)(1).

[2] Although Dart, and Ninth Circuit cases interpreting Dart, analyzed the propriety of removing cases under the Class Action Fairness Act of 2005 ("CAFA"), district courts routinely rely on its framework for assessing removability of any matter under 28 U.S.C. sections 1332 and 1446. See, e.g., Jackson v. Compass Grp. USA, Inc., No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (citing Dart as the appropriate legal standard for determining the amount in controversy on a motion to remand in a non-CAFA case).

-4-                                    Case No. 5:25-cv-2900

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

plausibility of the defendant's allegations. *Id*. at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *2 (C.D. Cal. Sep. 26, 2019).

15.    For purposes of determining the amount in controversy, a court must consider that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if []he prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). However, the "amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Id.* at 417 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). As such, "a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997)).

16.    Here, it is not "facially apparent" that the amount in controversy exceeds $75,000, in that Plaintiff does not expressly allege he seeks more than that amount in his Complaint. However, Plaintiff seeks to recover compensatory damages, including lost wages. *See* Cortez Decl. at ¶ 2, Ex. A, p. 11:12-15, 17 [Complaint]. In addition, Plaintiff seeks penalties, special damages, general damages, punitive damages, attorneys' fees, costs of suit, and interest. *See* Cortez Decl. at ¶ 2, Ex. A, p. 11:12-24 [Complaint]. As such, the substance of Plaintiff's claims plainly demonstrates that the amount in controversy exceeds $75,000.

17.    **Lost Wages**. Target expressly denies that Plaintiff is entitled to recover lost wages. Plaintiff's employment was terminated on or about November 12, 2024. *See* Cortez Decl. at ¶ 4. Plaintiff earned an hourly rate of $26.05. *See* Cortez Decl. at ¶ 4. From November 12, 2024, to today's filing of October 31, 2025, and assuming Plaintiff is not re-employed or has subsequently obtained other employment, this amounts to approximately 50 weeks of purportedly lost wages. Plaintiff's weekly

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

wages were approximately $1,040.44 ($26.05/hr. x 39.94 average weekly hours). As such, Plaintiff potentially seeks at least $52,022 (not including lost benefits or future lost wages) in the past year alone. If trial was held in the next 12 months, this would amount to an additional $54,102.72 in wages ($26.05/hr. x 2,076.88 average working hours in a calendar year). Accordingly, if a trial were held within the next 12 months, Plaintiff's past lost wages could be as high as $106,124.72 *before* calculation of any future lost wages. Thus, the amount in controversy is satisfied by Plaintiff's claim for lost wages alone.

18. **Emotional Distress.** In his Complaint, Plaintiff also seeks damages for emotional distress. *See* Cortez Decl. at ¶ 2, Ex. A, ¶¶ 34, 40, 45, 50, 54, etc. [Complaint]. Although Target denies any liability to Plaintiff for emotional distress, these alleged damages must be included when calculating the amount in controversy. *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 WL 319216, at *3 (N.D. Cal. May 12, 1999) (emotional distress damages "may be considered in the amount in controversy"); see also *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). To estimate emotional distress damages, a district court may consider damages awards from similar cases. *See id.* Even where economic damages are minimal, a plaintiff's claim for ongoing emotional distress damages can exceed $75,000 alone. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA claim where plaintiff's economic damages were between less than $10,000 and at most $37,500). Given this, it is reasonable to estimate that Plaintiff's alleged emotional distress damages alone will exceed $75,000, which satisfies the amount in controversy requirement.

19. **Punitive Damages**. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Here, punitive damages are recoverable for Plaintiff's FEHA and wrongful termination claims and Plaintiff seeks punitive damages. *See* Cortez Decl. at ¶ 2, Ex. A, p. 11:16 [Complaint]; *Thomas v. Costco Wholesale Corp.*, No.

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

SACV 13-0275-DOC (JPRx), 2014 WL 819396, at *10 (C.D. Cal. 2014) (punitive damages recoverable for the common law claim of wrongful termination in violation of public policy). When a specific punitive damages figure is not sought, the Court can gauge a probable amount based on awards in similar cases. *See Lehman v. Amazon.com Services, LLC*, No. 2:23-CV-02022-DAD-JDP, 2023 WL 8184932, at *5 (E.D. Cal. Nov. 27, 2023). Given the types of claims asserted by Plaintiff, and Target's status as a large, publicly traded corporation, punitive damages alone may exceed $75,000. *See, e.g., Carreon v. U.S. Foodservice Inc.*, JVR No. 2303110002, 2022 WL 19004588 (Cal. Super. Ct., Sep. 21, 2022) (awarding $1,000,000 in punitive damages against a former employer where plaintiff was fired after plaintiff reported sexual harassment and sexual assault by coworkers); *see also Sawyer v. Retail Data, LLC*, No. SACV 15-0184 JVS (RNBx), 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (finding amount in controversy met based in part on recent employment discrimination verdicts in California trending between $50,000 and $7.5 million in punitive damages alone); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (noting punitive damages awards ranging from $60,000 to $40 million). Therefore, Plaintiff's claim for punitive damages alone meets the jurisdictional minimum.

20. **Attorneys' Fees.** Finally, Plaintiff also seeks attorneys' fees and costs, which are recoverable by a prevailing plaintiff under FEHA and Labor Code section 1102.5(j). *See* Cortez Decl. at ¶ 2, Ex. A, p. 11:18-19 [Complaint]. Target expressly denies that Plaintiff is entitled to recover attorneys' fees. Because attorneys' fees are recoverable under FEHA and Labor Code section 1102.5(j), in assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 227 (9th Cir. 2013) (affirming attorneys' fee award of $697,000 despite recovery of $27,000 on

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

FEHA claim); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440, 446-48 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on FEHA claims).

21. Thus, taken together, the amount in controversy "more likely than not" well exceeds $75,000. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAx), 2016 WL 8950063, at *5-6 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC(JCGx), 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL (JCx), 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, the amount in controversy requirement is satisfied.

## IV. CONCLUSION

22. For the reasons set forth above, this Court has original jurisdiction over this action under 28 United States Code section1332, and removal of this action is proper under 28 United States Code sections 1441 and 1446.

Dated:    October 31. 2025          **WILSON TURNER KOSMO LLP**


                                     By:    /s/ *Elvira Cortez*
                                            ELVIRA CORTEZ
                                            NICOLE R.ROYSDON
                                            Attorneys for Defendant
                                            TARGET CORPORATION